**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

APRIL DECARLO,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, APRIL DECARLO ("Plaintiff"), pursuant to the Family and Medical Leave Act, *29 U.S.C. § 2601, et. seq.* ("the FMLA"), files her Complaint for Damages and Demand for Jury Trial against Defendant, SPIRIT AIRLINES, INC ("Defendant"), and alleges as follows:

**PARTIES**

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant, SPIRIT AIRLINES, INC. ("Defendant"), is a Florida corporation with its registered principal business address at 2800 Executive Way, Miramar, FL, 33025.

3. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) attempted to take leave for a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise her right to FMLA leave.

## JURISDICTION AND VENUE

4. All acts and omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

5. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331 and 1337*.

6. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from approximately May 1, 2017 through approximately August 28, 2020.

8. At all times material hereto, Plaintiff performed her job competently and as such was qualified for her position.

9. On March 5, 2020, Defendant approved Plaintiff for intermittent leave under the FMLA because she suffered from chronic migraines, severe asthma, and chronic sinusitis, which qualify as "serious health conditions" under the FMLA.

10. On August 27, 2020 Plaintiff renewed her request for intermittent FMLA leave as a result of her ongoing serious health conditions.

11. The following day, on August 28, 2020, Defendant terminated Plaintiff's employment. Defendant specifically advised Plaintiff that she "missed too much work."

12. Plaintiff fully complied with her obligation to provide Defendant with notice of her need for FMLA leave. Accordingly, Plaintiff was entitled to the full protection of the FMLA, including restoration to her position upon returning from leave and protection from retaliation.

13. The temporal proximity of Plaintiff's request for FMLA leave and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

14. As a result of this illegal termination, Plaintiff suffered damages, including loss of her opportunity to earn employment wages, benefits, and other remuneration to which she was entitled.

15. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for seeking FMLA leave.

16. Defendant's FMLA interference and retaliation against Plaintiff was intentional and/or purposeful.

17. Defendant's did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

18. Plaintiff has attempted to mitigate her damages.

## **COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA**

19. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 18 above.

20. At all times relevant hereto, Plaintiff was protected by the FMLA.

21. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA protected leave.

22. As a result of Defendant's intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

23. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, APRIL DECARLO, demands judgment against Defendant, SPIRIT ARILINES, INC, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA**

24. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 18 above.

25. At all times relevant hereto, Plaintiff was protected by the FMLA.

26. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

27. Defendant retaliated against Plaintiff during the global COVID-19 pandemic when Defendant terminated Plaintiff immediately after she requested FMLA leave for her serious health conditions.

28. Defendant does not have a lawful reason for terminating Plaintiff, and any alleged lawful reason Defendant furnishes for Plaintiff's termination is merely pretextual.

29. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take leave pursuant to the FMLA.

30. As a result of Defendant's intentional, willful and unlawful retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, APRIL DECARLO, demands judgment against Defendant, SPIRIT AIRLINES, INC, and demands damages for back pay, front pay, and an equal amount of liquidated damages, other damages provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, APRIL DECARLO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 23rd day of November 2020.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS –**
        **JORDAN RICHARDS, PLLC**
        805 Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff, April DeCarlo*

        By: */s/ Jordan Richards, Esquire*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        jordan@jordanrichardspllc.com
        melissa@jordanrichardspllc.com
        jake@jordanrichardspllc.com
        lawclerk@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 23, 2020.

> By: */s/ Jordan Richards, Esquire*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST: